| | | |
|---|---|---|
| SHAINA KIRKLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.:   3:25-cv-471-TAV-DCP |
| | ) | |
| RYAN K. DESMOND, | ) | |
| in his official capacity as District Attorney | ) | |
| General for the 5th Judicial District of | ) | |
| Tennessee, and | ) | |
| SHARI TAYLOE, East Tennessee | ) | |
| Pro Tem Prosecutor, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is plaintiff's motion to stay [Doc. 15] in which she requests that the Court stay this matter pending the resolution of related state criminal proceedings. Plaintiff states that she is scheduled to stand trial in the underlying criminal case on September 23, 2026, involving the same allegations contained in the complaint, and the outcome of that proceeding may be dispositive of the claims asserted in this case [*Id.* at 1]. Plaintiff advises that defense counsel does not oppose the requested relief [*Id.* at 2].

The Court maintains the discretion to stay a civil proceeding pending the outcome of a related criminal action. *See F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014). Factors bearing on this determination include:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused

by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Id.* (quoting *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007)). Additionally, the Court should consider "the extent to which [a] defendant's Fifth Amendment rights are implicated." *See id.* (quoting *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995)).

Here, plaintiff has demonstrated that the factors warrant the Court staying this case pending resolution of the criminal action. First, the cases arise from the same alleged conduct [Doc. 15, p. 1]. Second, plaintiff has already been indicted in the criminal matter [*Id.*]. Third, a stay is in plaintiff's interest because it will allow her to avoid simultaneous litigation of the civil and criminal actions, as well as any Fifth Amendment privilege issues that may arise during the discovery process in this case [*Id.* at 1–2]. Further, dismissal of this case could create statute of limitations issues. Fourth, given their lack of opposition to the request, defendants apparently will suffer no substantial prejudice from a stay [*Id.* at 2–3]. As to the fifth and sixth factors, a stay will promote judicial economy because resolution of the overlapping criminal case could moot or narrow issues raised in this case [*Id.* at 2].

In summary, the Court agrees with plaintiff's arguments and will stay this civil action pending the resolution of the related criminal case. Plaintiff's motion to stay [Doc. 15] is **GRANTED**. This case is **STAYED** pending resolution of the related criminal case. The parties are **ORDERED** to notify the Court within **fourteen (14) days** of the resolution of the criminal case. The parties are further **ORDERED** to file a joint status report

2

regarding the status of the criminal matter **ninety (90) days** from the date of this Order, and every **ninety (90) days** thereafter.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

3